UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Edmond Paul Price, | Case No. 2:20-cv-00894-CDS-DJA |
| Plaintiff, | |
| v. | **Order Dismissing** |
| Charles Daniels, et al., | **and Closing Case** |
| Defendant. | |

Plaintiff Edmond Paul Price brings this civil-rights lawsuit to redress constitutional violations that he claims he suffered while incarcerated at High Desert State Prison ("HDSP"). *See* Complaint, ECF No. 10. On January 31, 2022, Defendant Mark Nelson ("Defendant") filed a motion to dismiss, or in the alternative, a motion for summary judgment ("the Motion"), asserting that this action must be dismissed because Plaintiff failed to exhaust available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). ECF Nos. 18, 19. Plaintiff twice filed motions to extend the time to respond to the pending motions. ECF Nos. 22, 25, 27. Defendant filed notices of non-opposition to Plaintiff's requests for additional time. ECF Nos. 23, 26. The first motion to extend time was denied as moot when the second motion to extend time was granted. ECF No. 28. Plaintiff was granted until April 16, 2022, to file a response to the pending motion for summary judgment.[1] On May 17, 2022, this matter was

---

[1] The minute order (ECF No. 28) only addresses the motion for summary judgment. Because Defendant filed a motion to dismiss, or in the alternative, a motion for summary judgment, I interpret the extension of time as applying to both ECF No. 18 and ECF No. 19.

administratively reassigned to me. ECF No. 29. As of the date of this Order, Plaintiff has not filed an opposition to Defendant's motion.

For the reasons set forth herein, I hereby GRANT Defendant's Motion to Dismiss (ECF No. 18) without prejudice, and without addressing the motion for summary judgment on the merits, I deny the summary judgment motion (ECF No. 19) as moot.

## I. Legal Standard

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab'y Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990). In ruling on the motion, a court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." *Vasquez v. Los Angeles Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007).

Pro se complaints are held to a less strict standard than those drafted by counsel. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). It is not appropriate to dismiss a pro se prisoner's civil rights action unless it is "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id*; *Akao v. Shimoda*, 832 F.2d 119, 120 (9th Cir. 1987).

In considering motions to dismiss civil rights complaint, this Court must determine whether a prisoner exhausted their administrative remedies. Applicability of administrative remedies under the PLRA, governed by 42 U.S.C. § 1997e(a), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (2003 &

Supp.2005). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

A plaintiff must fully exhaust his administrative remedies before filing a section 1983 complaint. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *Porter*, 534 U.S. at 523-25; *McKinney v. Carey*, 311 F.3d 1198, 1199–1200 (9th Cir. 2002). To fully exhaust a section 1983 claim, a prisoner must pursue his grievance to the highest administrative level available to him. *See Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003) ("an inmate does not exhaust available administrative remedies when…the inmate filed such a grievance but did not appeal the denial of that complaint to the highest possible administrative level") (internal quotation omitted); *Harper v. Jenkin*, 179 F.3d 1311, 1312 (11th Cir. 1999) (same); *Morgan v. Maricopa County*, 259 F.Supp.2d 985, 990–91, n. 13 (D. Ariz. 2003) (same).

Exhaustion is not only mandatory; it is an affirmative defense. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), *cert. denied*, 124 S.Ct. 50 (2003). Defendant has "the burden of raising and proving the absence of exhaustion." *Wyatt*, 315 F.3d at 1119. The failure to exhaust administrative remedies under the PLRA is treated as a matter in abatement and is properly raised in an unenumerated Rule 12(b) motion. *Id*. When deciding a motion to dismiss for a failure to exhaust remedies, the court may look beyond the pleadings and decide disputed issues of fact. *Id*. at 1119–20. "If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice." *Id*. at 1120.

Last, the Local Rule 7-2(d) for the United States District Court for the District of Nevada provides that a party's failure to respond to a motion may constitute consent to granting of the motion. *See* LR 7-2(d).

## II. Discussion

Defendant presents evidence that Plaintiff had administrative remedies available to him regarding his section 1983 claim. *See* ECF No. 18, Ex. A. Defendant also provided evidence that Plaintiff pursued grievances while he was incarcerated (*see generally* ECF No. 18, Ex. B), including a grievance related to the claims raised in the instant complaint. ECF No. 18, Ex. B at 5, 7. But when the grievance form which constitutes the basis of the instant 1983 action was returned to Price on February 12, 2020, he elected *not* to sign and date the grievance form. ECF No. 18, Ex. C at 1. That form advised Plaintiff that failing to do so "...**shall** constitute abandonment" of the claim. *Id.* (emphasis added). Plaintiff was also advised that because he abandoned the claim, he could no longer continue to grieve the same complaint over a year later. *See generally* ECF No. 18, Ex. E at 1.

Because Plaintiff failed to file a response to the motion to dismiss, there is no evidence before the court that administrative remedies were not available to him or any proof that he, in fact, did exhaust the administrative remedies available to him. Further, Plaintiff's complaint fails to address the PRLA and administrative grievance process. Consequently, based on the evidence before the Court, I conclude that Plaintiff's complaint must be dismissed without prejudice pursuant to section 1997e because Plaintiff failed to exhaust his administrative remedies regarding his claims prior to filing his section 1983 suit.

## III. Conclusion

Although Plaintiff has not responded to the motion to dismiss, in the Court's evaluation of the motion leveled against Plaintiff as a *pro se* party, the Court considered every contention Plaintiff offered in his complaint. ECF No. 10. Despite consideration of that evidence, Plaintiff cannot overcome the evidence provided by Defendant that Plaintiff failed to exhaust his administrative remedies. The complaint does not address the Prison Litigation Reform Act.

Having thoroughly weighed the evidence before the Court, I find in favor of Defendant's motion to dismiss. Accordingly,

IT IS ORDERED that Defendant's Motion to Dismiss (ECF No. 18) is GRANTED without prejudice.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment (ECF No. 19) is DENIED as moot.

The Clerk of Court is directed to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE**. If Plaintiff Edmond Price wishes to pursue his claims, he must file a complaint in a new case.

Dated: June 17, 2022

_____
Cristina D. Silva
United States District Judge