UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Edmond Paul Price, <br><br> Plaintiff <br><br> v. <br><br> Charles Daniels, et al., <br><br> Defendants | Case No. 2:20-cv-00894-CDS-DJA <br><br> **Order Granting in Part Plaintiff's Motion for Case Status** <br><br> [ECF No. 35] |

Plaintiff Edmond Paul Price brought this civil-rights lawsuit in 2020 to redress constitutional violations that he claims he suffered while incarcerated at High Desert State Prison ("HDSP"). *See* Compl., ECF No. 10. Price now moves for a status update on his case, which includes a request to reopen this case if it is now closed.

I.  **Procedural history**

On January 31, 2022, defendant Mark Nelson filed a motion to dismiss, or in the alternative, a motion for summary judgment, asserting that this action must be dismissed because Price failed to exhaust available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). ECF Nos. 18; 19. Price filed motions to extend the time to respond to the pending motions. ECF Nos. 22; 25; 27. Nelson filed notices of non-opposition to Price's requests for additional time. ECF Nos. 23; 26. Price was given an extended deadline until April 16, 2022, to file a response to the pending motion for summary judgment. ECF No. 28. On May 17, 2022, this matter was administratively reassigned to me. ECF No. 29. By June 17, 2022, Price still had not filed an opposition to Nelson's motions, so I granted the motion to dismiss without prejudice.[1] *See* Order, ECF No. 31.

---

[1] The motion to dismiss incorporated, in the alternative, a motion for summary judgment. ECF No. 18. I did not address the summary judgment motion on the merits.

On June 28, 2022, Price filed a motion for reconsideration of my dismissal order, which I granted and ordered Price to file an opposition to the motion by August 1, 2022. Min. order, ECF No. 34. Price failed to comply with that order, so the dismissal order stands, and this case is closed. Price now moves for information regarding the status of this case, which incorporates a request to re-open the case. ECF No. 35.

II.     Discussion

This action was initiated almost four years ago. Now, almost two years after I extended Price's deadline to file an opposition to Nelson's motion to dismiss, he files the instant motion. ECF No. 35. Price's exhibits attached to his motion show that he inquired about the filing of his response on July 14, 2022 (*see id.* at 9 (Ex. D)), and it appears that Price received an envelope marked "Do Not Post" in or around July of 2022 as well. *See id.* at 11 (Ex. C). While the court makes no findings regarding Price's allegations that the prison has made his ability to litigate his cases difficult,[2] his motion fails to explain why he did not (1) attempt to resubmit his opposition to Nelson's motion to dismiss sooner, even if untimely, (2) file a motion for additional time to file the opposition, or (3) take any other action between July of 2022 and now to determine the status of this case. The court concludes that denial of Price's motion is appropriate given the (1) lack of explanation for Price's failure to ask (or even attempt to) ask the court for more time to file an opposition to the dismissal motion, (2) the fact that the court previously reopened this action, (3) the fact that Price was able to file documents in another case, and (4) the fact that it has been almost two years since he has filed anything in this case. *See Goff v. Gamez*, 2023 WL

---

[2] Price attached two orders from his pending case in the Eastern District of California addressing that court's inability to successfully mail notices to him. *See* Ex. D, ECF No. 35 at 13–16 (orders from Price's EDCA case number 1:20-cv-00131-JLT-EPG). I take judicial notice of the docket in that action. *See United States v. Howard*, 381 F.3d 873, 876 n. 1 (9th Cir. 2004) (taking judicial notice of court records in another case). In that case, Price twice filed "notice of change of address," first on May 15, 2023, and then most recently on March 21, 2024. *See* 1:20-cv-00131-JLT-EPG at ECF Nos. 92; 125. Price has continuously and actively filed other documents into that case. In comparison, Price failed to update his address in this action. Without stating more than he was "unable to [communicate with the court] due to prison interference[,]" Price does not list a single attempt, failed or otherwise, to file a document with this court from July 2022 until the instant motion in March 2024. ECF No. 35 at 3.

8675084, at *4 (E.D. Cal. Dec. 15, 2023) ("' The Ninth Circuit has repeatedly held that an unjustified two-year delay between judgment and motion for relief from judgment was unreasonable.") (citing *Burton v. Spokane Police Dep't*, 473 F. App'x 731 (9th Cir. 2012) (lapse of almost two years between judgment and filing of 60(b)(6) motion was unreasonable) and *In re Hammer*, 940 F.2d 524, 526 (9th Cir. 1991) (two years was too long for debtor to wait before filing motion for relief from default judgment in bankruptcy proceedings)). Consequently, Price's motion to reopen this case is denied.

### III. Conclusion

IT IS HEREBY ORDERED that Price's motion for case status **[ECF No. 35]** is **GRANTED IN PART.** Price is provided with a case status update as set forth in this order. Price's request to reopen his case is DENIED.

IT IS FURTHER ORDERED that this court's order granting Nelson's motion to dismiss (ECF No. 31) stands. This case shall remain closed.

Dated: April 16, 2024

_____
Cristina D. Silva
United States District Judge