UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Edmond Paul Price, | Case No. 2:20-cv-00894-CDS-DJA |
| Plaintiff | **Order Granting in Part Plaintiff's Motion for Reconsideration** |
| v. | |
| Charles Daniels, et al., | [ECF No. 37] |
| Defendants | |

This is a civil-rights action brought by pro se plaintiff Edmond Paul Price in 2020 to redress constitutional violations that he claims he suffered while incarcerated at High Desert State Prison ("HDSP"). *See* Compl., ECF No. 1-1. On June 17, 2022, I entered an order granting defendant Mark Nelson's motion to dismiss and closing the case (Order, ECF No. 31) and separately entered judgment in favor of defendants.[1] J., ECF No. 32. On March 21, 2024, Price filed a motion requesting a status update, which included a request to reopen the case. ECF No. 35. I granted the motion in part by providing a case status update but denied Price's request to reopen his case. Order, ECF No. 36. Price now moves for reconsideration of my denial to reopen the case, or alternatively, requests that the court issue a certificate of appealability. ECF No. 37. For the reasons herein, I grant in part and deny in part Price's motion for reconsideration by reopening the case, and deny as moot his request for a certificate of appealability.

I.  Procedural History

Price brought this action almost four years ago against former Nevada Department of Corrections ("NDOC") Director Charles Daniels[2] and other defendants alleging "callous and wanton disregard to serious medical needs causing significant injury[.]" Compl., ECF No. 1-1 at

---

[1] The motion to dismiss incorporated, in the alternative, a motion for summary judgment. ECF No. 18. I did not address the summary judgment motion on the merits.

[2] Defendant served as the NDOC Director at the time of the complaint. Compl., ECF No. 1-1.

1. On January 31, 2022, Nelson filed a motion to dismiss, or in the alternative, a motion for summary judgment, asserting that this action must be dismissed because Price failed to exhaust available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). ECF Nos. 18; 19. On May 17, 2022, this matter was administratively reassigned to me. ECF No. 29. Because Price had not filed an opposition to Nelson's motions after he was provided extended time to do so, I granted Nelson's motion to dismiss and dismissed the complaint without prejudice. Order, ECF No. 31.

Nearly two years later, on March 21, 2024, Price filed a motion requesting a status update, which included a request to reopen the case. ECF No. 35. I reviewed the motion and found that Price did not appear to list a single attempt, failed or otherwise, to file a document with this court from July 2022 to March 2024. Order, ECF No. 36 at 2 n.2. Moreover, Price failed to adequately explain why he was able to file documents in another case during the same period, but not in this suit. *Id.* at 2. Consequently, I denied Price's motion to reopen the case. *Id.* at 2.

## II.   Legal Framework

A motion to reconsider a final appealable order is appropriately brought under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *United States v. Martin*, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000). A motion for reconsideration is not an avenue to present arguments already raised; that is, a motion for reconsideration is not a mechanism for an unsuccessful party to reiterate arguments previously presented. *See Maraziti v. Thorp*, 52 F.3d 252, 255 (9th Cir. 1995); *Khan v. Fasano*, 194 F. Supp. 2d 1134, 1136 (S.D. Cal. 2001) ("A party cannot have relief under this rule merely because he or she is unhappy with the judgment."). "In order for a party to demonstrate clear error, the moving party's arguments cannot be the same as those made earlier." *Glavor v. Shearson Lehman Hutton, Inc.*, 879 F. Supp. 1028, 1033 (N.D. Cal. 1994) (citing *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985)).

Under Rule 60(b), reconsideration is appropriate only upon a showing of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) an adverse

party's fraud, misrepresentation, or other misconduct; (4) a void judgment; (5) a satisfied, released, or discharged judgment; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b); *see also Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law).

A party can obtain relief under Rule 60(b) only upon an adequate showing of exceptional or extraordinary circumstances. *Maraziti*, 52 F.3d at 254. Errors of law are cognizable under Rule 60(b)(1). *Kingvision Pay–Per–View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999).

### III.     Analysis

Price moves for reconsideration on the basis that he believes the court erred in finding that he did not attempt to file documents in this case between July 2022 and this instant motion. *See* ECF No. 37 at 6. He alleges that he has "made several attempts to communicate and file papers" with the court since July 2022. *Id.* at 1. For example, Price alleges that he attempted to file documents by U.S. mail without success as the envelope he mailed to the court in July of 2022 was returned to him and marked "Do Not Post." *Id.* at 6; Pl.'s Ex. C, ECF No. 35 at 11. Price argues that the court erred in comparing his filings, or lack thereof, in this case to his filings in his pending case in the Eastern District of California. *Id.* at 8–9. He clarifies that he has been able to file documents by mail in that case as he cannot participate in electronic filing there.[3] *Id.*

Further, Price attaches a new exhibit to the instant motion showing that he submitted an inmate grievance to the NDOC regarding his difficulties filing documents in February 2024. *Id.* at 23. Price now explains that it was only in the months after he submitted the grievance that he was able to successfully file documents electronically "for the first time in almost 2 years,"

---

[3] In that case, Price twice filed "notice of change of address," on May 15, 2023, and on March 21, 2024. *See* 1:20-cv-00131-JLT-EPG at ECF Nos. 92; 125. Price explains that he was able to do so by filing the documents by U.S. mail. ECF No. 37 at 2. Price addresses the court's April 16, 2024 Order and argues that he attempted to update his address in this action "both by efile and U.S. mail to no avail[.]" *Id.* at 3.

permitting him to file the March 21, 2024 status update request. *Id.* at 4–5. While I make no findings regarding Price's allegations that the prison made his ability to litigate his cases difficult, I liberally construe Price to be arguing that dismissing this case was improper because he was unable to file his opposition to Nelson's motion to dismiss or request an extended deadline to do so between July 2022 and March 2024.

In the interest of justice and out of an abundance of caution, I grant Price's motion to reopen the case and provide him an opportunity to respond to Nelson's motions. I remind Price that failure to respond to Nelson's motions may result in this action's dismissal. I further remind Price to include all applicable information, arguments, and exhibits to the first round of his briefing in the future.

V.   **Conclusion**

IT IS THEREFORE ORDERED that Price's motion to reconsider **[ECF No. 37] is GRANTED in part**. The court grants Price's request to reopen his case and denies issuing a certificate of appealability as moot.

IT IS FURTHER ORDERED that Price has until **August 16, 2024** to file a response to Nelson's motion to dismiss, which incorporates, in the alternative, a motion for summary judgment (ECF Nos. 18, 19). **Failure to comply will result in this case being dismissed.** Any reply is due seven days after Price's opposition is docketed.

Dated: July 26, 2024

_____
Cristina D. Silva
United States District Judge

4