UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Edmond Paul Price,<br><br>　　　　Plaintiff<br><br>v.<br><br>Charles Daniels, et al.,<br><br>　　　　Defendants | Case No. 2:20-cv-00894-CDS-DJA<br><br>**Order Denying Defendants' Motion for Summary Judgment and Denying as Moot Defendants' Motion to Dismiss**<br><br>[ECF Nos. 18, 19] |

　　　　Plaintiff Edmond Price alleges he is severely allergic to metal and suffers severe allergic reactions when he is placed in metal handcuffs. Compl. ECF No. 10 at 6, 8–10. He sues several defendants under 42 U.S.C. § 1983 for violations of his Eighth Amendment rights. *Id.* at 15–21. Defendants filed a motion to dismiss (ECF No. 18) and a motion for summary judgment (ECF No. 19) on January 31, 2022.[1] I initially granted the defendants' motion to dismiss because Price failed to respond (ECF No. 17) and entered judgment in the case in favor of the defendants (ECF No. 32). However, following a March 2024 motion from Price describing multiple roadblocks put up by his facility due to his complaints and filings (ECF No. 35), and a subsequent motion to reconsider (ECF No. 37), I reopened the case and ordered Price to file a response to the motions to dismiss and for summary judgment (ECF No. 37). He responded (ECF No. 40), NDOC filed a reply (ECF No. 42), and, without seeking leave to file a surreply, Price did so (ECF No. 43).[2]

　　　　I deny defendants' motion to dismiss as moot because the issues can be resolved on a more fulsome record at summary judgment. *See, e.g., Axis Spine NV, LLC v. Xtant Med. Holdings, Inc.*, 2019 WL 1062362, at *1 (D. Nev. Mar. 6, 2019). And for the reasons set forth herein, I deny defendants' motion for summary judgment.

---

[1] Because the motions filed at ECF No. 18 and ECF No. 19 are identical and each include both the motion to dismiss and motion for summary judgment, I refer to ECF No. 19 throughout this order.
[2] Surreplies are not permitted without leave of court, LR 7-2, so I strike Price's surreply. ECF No. 43.

I.      Background

On January 10, 2020, Price first filed a grievance in which he detailed a serious allergic reaction to his handcuffs on January 6, 2020. Jan. 10 grievance, ECF No. 19-4 at 10. This grievance was rejected because Price did not attach an administrative claim form (ACF). Feb. 1 grievance, *Id.* at 9.[3] On February 1, 2020, Price filed an updated grievance that included the ACF. *Id.* at 3–8. With this updated form, he appears to have included two copies of the cover page of his first grievance form. *Id.* at 10–11. At the bottom of the form, there is a place for the inmate filing the grievance to check sign and date receipt of the returned form. *Id.* Below these lines, the form reads: "FAILURE TO SIGN CONSTITUTES ABANDONMENT OF THE CLAIM." *Id.* On one of the two forms Price attached, there is no signature and date. *Id.* at 10. On the other, his signature and the date January 31, 2020, are written below, instead of above, the respective lines. *Id.* at 11. He likewise signed the form explaining the rejection of his grievance. *Id.* at 9.

On February 12, 2020, Price received his second grievance form, stating it was rejected because Price "failed to sign and date the return of your January 10, 2020 Informal Grievance[.]" *Id.* at 2. The rejection also informed him that the failure to sign rendered his claim abandoned. *Id.* When he filed a new grievance in March alleging a new incident involving handcuffs causing an allergic reaction, his grievance was rejected as an abuse of the inmate grievance procedure, stating that the "[s]pecific claims or incidents previously filed by the same inmate[.]" March 10 grievance, ECF No. 19-5 at 2. On March 17, 2020, Price again sought redress by filing a grievance, noting that the metal allergy "is a very serious issue for me and I have settled a lawsuit for the exact same issue in California for $100,000 (Central District of California Case # cv-11-02326-JAK) and I am trying to avoid filing here in Nevada." March 17 grievance, ECF No. 19-6 at 4. This grievance was rejected because the "[s]pecific claims or incidents previously filed by the same inmate . . . you have already grieved this issue and failed to sign or date forms., This issue is NO

---

[3] For the sake of clarity, the January 21, 2020 rejection letter to Price's January 10, 2020 grievance was included by the government as one of Price's submissions in his February 1, 2020 grievance. The citation here is to the January 21, 2020 rejection letter.

2

longer grievable or Accepted." *Id.* at 2. After filing several additional grievances and receiving similar responses, Price filed the instant suit.

## II. Legal standard

Summary judgment is appropriate when the pleadings and admissible evidence "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). At the summary-judgment stage, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). If reasonable minds could differ on material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the facts are undisputed; the case must then proceed to the trier of fact. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Once the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323. "To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial." *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018).

## III. Discussion

Defendants argue that Price has exhausted his administrative remedies because he failed to sign and date his initial grievance after it was rejected. Under the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies requires an inmate to use "all steps the agency holds out and doing so properly." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Exhaustion protects an

administrative agency's authority; it "gives an agency 'an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into [. . .] court,' and it discourages 'disregard of [the agency's] procedures.'" *Id.* at 89 (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)). The PLRA's administrative exhaustion requirement also promotes judicial economy by "'reduc[ing] the quantity and improv[ing] the quality of prisoner suits.'" *Id.* at 93 (quoting *Porter v. Nussle*, 534 U.S. 516, 524 (2002)). The defendants argue that because Price did not sign and date the first grievance form when he attached it along with his second grievance and the ACF, he failed to exhaust his administrative remedies. ECF No. 19 at 7.

Price's response focuses primarily on what "case worker Castro" allegedly told him regarding whether he was required to sign the form. ECF No. 40 at 3. However, this point is irrelevant here. Although there is a great body of Ninth Circuit case law discussing the extent to which incorrect statements by prison officials may cause administrative remedies to be unavailable,[4] no such analysis is needed because Price has raised a genuine issue of material fact as to whether he did exhaust his administrative remedies sufficient to quash defendants' motion for summary judgment.

There is a signature and a date on the form provided to the court by both parties. ECF No. 19-4 at 11; ECF No. 40 at 18. The signature and date are below the line and can only be found on one of the two copies of the form he submitted, but the language on the form ("FAILURE TO SIGN CONSTITUTES ABANDONMENT OF THE CLAIM") does not specify neither that the signature *must* be written above the line, nor which copy must be the one signed. *Id.* There is no stated, explicit requirement that the date be filled out at all. *Id.*

Responding to this, defendants' only argument in their reply amounts to: "the copy provided by Plaintiff which bears his signature does not appear anywhere in Plaintiff's NDOC Records." ECF No. 42 at 5. But defendants' own "Exhibit C," to which they introduce to the

---

[4] *See Nunez v. Duncan*, 591 F.3d 1217, 1226 (9th Cir. 2010); *Albino v. Baca*, 747 F.3d 1162, 1173–76 (9th Cir. 2014); *Marella v. Terhune*, 568 F.3d 1024, 1027–28 (9th Cir. 2009); *Sapp v. Kimbrell*, 623 F.3d 813, 823–24 (9th Cir. 2010).

4

court and cite to throughout their motion, bears Price's signature. Defendants' mot. ex. C, ECF No. 19-4 at 11.

I note, however, that this order does not mean that Price did, in fact, exhaust his administrative remedies, only that there is a genuine dispute of material fact about the issue as crux of defendants' argument as that Price did not sign the form. The signature on defendants' Exhibit C contradicts their argument so summary judgment is not warranted.

IV. Conclusion

IT IS THEREFORE ORDERED that the defendants' motion for summary judgment **[ECF No. 19] is DENIED** and the defendants' motion to dismiss **[ECF No. 18] is DENIED as moot**.

IT IS FURTHER ORDERED that Price's surreply **[ECF No. 43] is STRICKEN**.

Dated: October 23, 2024

_____
Cristina D. Silva
United States District Judge